UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY MEDINA,

      Plaintiff,

v.                                 Case No: 6:24-cv-727-JSS-RMN

JORGE VALDEZ,

      Defendant.

_____/

### ORDER

      Defendant Jorge Valdez moves to transfer venue of this case to the Ocala Division of the Court.  (Dkt. 6.)  Plaintiff Anthony Medina opposes Defendant's motion.  (Dkt. 20.)  For the reasons set forth below, the Motion to Transfer Venue to the Ocala Division is granted.

### BACKGROUND

      This case arises from a multi-vehicle accident on I-75.  (Dkt. 1, Notice of Removal.)  Plaintiff sued Defendant contending Defendant's negligent operation of his tractor trailer caused Plaintiff to suffer from "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn money in the future" and other damages. (Dkt. 1-1, Complaint.)

      Plaintiff initially commenced this action in state court in the Ninth Judicial Circuit in Osceola County, Florida on March 19, 2024.  (Dkt. 1.)  Defendant removed

the case to the Orlando Division of this court on April 18, 2024.  (*Id.*)  Defendant seeks

to transfer the case to the Ocala Division of this court pursuant to 28 U.S.C. § 1404(a).

(Dkt. 6.)

## APPLICABLE STANDARDS

"A district court may transfer a case for the convenience of the parties and

witnesses, and in the interest of justice."  *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d

253, 260 (11th Cir. 1996).  Section 1404(a) specifically provides: "For the convenience

of parties and witnesses, in the interest of justice, a district court may transfer any civil

action to any other district or division where it might have been brought." 28 U.S.C.

§ 1404(a).  Nevertheless, a "plaintiff's choice of forum should not be disturbed unless

it is clearly outweighed by other considerations," *Robinson*, 74 F.3d at 260, and the

"burden is on the movant to establish that the suggested forum is more convenient,"

*In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).  A trial court has broad discretion

in determining whether a transfer is appropriate.  *Stewart Org., Inc. v. Ricoh Corp.*, 487

U.S. 22, 29 (1988).

## ANALYSIS

Defendant seeks to transfer this action from the Orlando division to the Ocala

division of this court contending that the accident at issue in the case occurred near

Ocala and as a result, the witnesses and evidence is located there.  According to

Defendant, "Plaintiff was allegedly injured in a multi-vehicle accident on I-75

northbound in Marion, County, Florida involving over twenty vehicles, including

inter alia, a Dodge Ram driven by Plaintiff . . . and a tractor trailer driven by

Defendant." (Dkt. 6 at 9.)  Thus, Defendant maintains, the action could have been initially brought in the Ocala division and the convenience of parties, witnesses, and the interest of justice warrants transfer to that division.

As a "threshold matter," in determining whether to transfer a case pursuant to section 1404(a), courts consider "whether the case might have been filed in the proposed district, or whether all parties have consented to suit in that district." *CSX Transp., Inc. v. Blakes*lee, No. 3:12-cv-713-J-34TEM, 2013 WL 1193183 at *3 (M.D. Fla. Mar. 22, 2013).  A civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).  Plaintiff concedes that the accident at issue occurred in Marion County, Florida.  (Dkt. 20 at 5.)  Marion County is located within the Ocala division of the court.  M.D. Fla. Loc. R. 1.04(a).  As such, this action could have been filed in the Ocala division.

Next, courts consider "whether the transfer would be for the convenience of the parties and witnesses and in the interest of justice." *Eye Care Int'l, Inc. v. Underhill*, 119 F.Supp.2d 1313, 1318 (M.D. Fla. 2000). In determining whether the transfer is warranted, courts consider factors including:  "(1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interest of justice,

based on the totality of the circumstances." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005); *Trinity Christian Center of Santa Ana, Inc. v. New Frontier Media, Inc.*, 761 F.Supp.2d 1322, 1326 (M.D. Fla. 2010).

Although Plaintiff initially chose to file this action in state court in the Ninth Judicial Circuit in Osceola County, Florida and the case was removed to this court in the Orlando division, neither Plaintiff nor Defendant reside here.  Plaintiff may have resided in Osceola County when he filed the Complaint, (Dkt. 1-1, ¶ 2), but he appears to have relocated out of the state of Florida, (Dkt. 6 at 13; Dkt. 20 at 4).  Thus, the effect the transfer would have on the convenience of the parties is neutral.

Plaintiff contends that he will likely call experts to testify on his behalf who are not located in Ocala.  (Dkt. 20 at 4.)  But, Plaintiff has not specified the location of his experts.  (*Id.*)  Plaintiff also maintains that at least one witness who is expected to testify about the change in his condition after the collision is located in Osceola County and the Orlando division of the court.  (*Id.*)  Plaintiff was allegedly employed by this witness, (Dkt. 20-1, ¶ 5), and Plaintiff has not explained whether it would be inconvenient for his former employer to travel to the Ocala division to testify on his behalf.

Considering the remaining factors, the accident at issue took place in Marion County, Florida which is within the Ocala division of the court.  Plaintiff received treatment after the accident in Ocala, and as a result, potential witnesses are located there.  (Dkt. 6 at 4-7.)  The law enforcement officers that responded to the scene of the accident and performed the accident investigation are also located in Marion County.

(*Id.* at 5.)  Given that the accident occurred in Marion County, Plaintiff received medical treatment there, and the accident investigation took place by officers there, evidence concerning the incident is located in Marion County.  The majority of the relevant factors and the interest of justice favor transferring this case to the Ocala division of the court.

Plaintiff's choice of forum is entitled to "considerable deference."  *In re Ricoh*, 870 F.2d at 573.  "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations."  *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981).  Under the circumstances presented to the court, Defendant has met its burden of establishing that the Ocala division is a more convenient forum for the litigation of this case.

Accordingly, it is **ORDERED**:

1.     Defendant's Motion to Transfer Venue to the Ocala Division (Dkt. 6) is **GRANTED**.

2.     The Clerk is **DIRECTED** to transfer this action to the Ocala Division of the Middle District of Florida pursuant to 28 U.S.C. § 1404(a).

**ORDERED** in Orlando, Florida, on September 4, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record